UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALAXAR GROUP, LLC and PALAXAR
HOLDINGS, LLC,

        Plaintiffs,

v.                                         Case No: 6:14-cv-758-Orl-28GJK

SHANE WILLIAMS, JAY
STOLLENWERK, JODI DONALDSON
JAIMAN, HARRISON T. SLAUGHTER,
JR., MICHAEL C. MAHER, SCOTT M.
GOLDBERG, MATTHEW SCOTT
MOKWA, AARON CARTER BATES,
ALLEN MCLEAN ESTES, JOHN
RUSSELL CAMPBELL, ERIC
LANGLEY, LINDSAY REESE, SCOTT
SHUKER, ELIZABETH GREEN, ROY
KOBERT, TODD NORMAN,
NICOLETTE VILMOS, ROBERT
O'MALLEY, ROBERT W. CUTHILL, JR.,
BALCH & BINGHAM LLP, BROAD AND
CASSEL, P.A., LATHAM, SHUKER,
EDEN & BEAUDINE, LLP, MAHER LAW
FIRM, PA, NEXIA STRATEGY
CORPORATION, and AQMI STRATEGY
CORPORATION,

        Defendants.

## ORDER ON REMAND

This case is before the Court on limited remand from the United States Court of Appeals for the Eleventh Circuit. (See Limited Remand Order, Doc. 293). The Eleventh Circuit remanded the case to this Court "for the limited purpose of determining whether [this Court] had diversity jurisdiction." (Id. at 1).

The litigants in the appeal in which the limited remand order was issued (Eleventh Circuit Case No. 14-14745-C) are Plaintiffs and Frank Amodeo, who moved to intervene in this case but is not a party. In that appeal, Amodeo challenges rulings from this Court

denying his motion to intervene and for appointment of a guardian. (See Order, Doc. 251; Amodeo's Notice of Appeal, Doc. 263).

After issuance of the Eleventh Circuit's limited remand order, this Court entered an Order to Show Cause (Doc. 294) to Plaintiffs—the parties who invoked this Court's jurisdiction—as to why this case should not be dismissed for lack of subject-matter jurisdiction. (Doc. 294). Several of the Defendants in this case then moved for leave to respond to the show cause order as well, (see Mot., Doc. 295), and the Court granted that motion and allowed all Defendants to file responses if they wished, (Order, Doc. 296). Amodeo sought and was granted permission to respond to the show cause order as well. (See Docs. 298, 299). Ultimately Amodeo, Plaintiff, and sixteen of the twenty-five Defendants filed responses to the show cause order, (Docs. 297, 301, 302, 303, 304, 305, 306, 307, & 316), and several Defendants filed a Reply (Doc. 317) to Amodeo's show cause response (Doc. 316).

No one asserts that diversity jurisdiction exists, apparently because one of the LLP Defendants has an equity partner who is a citizen of Virginia and Plaintiffs have at least one member who also is a citizen of Virginia. (See Doc. 302-1 at 2). Plaintiffs do not attempt to substantiate subject-matter jurisdiction based on diversity of citizenship or otherwise. (See Pls.' Show Cause Resp., Doc. 304). Amodeo—the only other litigant in the currently pending appeal—also does not argue for this Court's subject-matter jurisdiction. (See Amodeo's Reply, Doc. 316). None of the Defendants who filed show cause responses argues that diversity jurisdiction exists either. In sum, no party or filer asserts that diversity jurisdiction exists in this case, and this Court consequently finds that complete diversity does not exist.

However, the Defendants who filed show cause responses argue that this Court

2

nevertheless has federal question jurisdiction over this case on several bases, including: the Barton[1] doctrine; that this case is a "core" proceeding that "arises under" Title 11 of the United States Code or "arises in" a case under Title 11; and that this case is "related to" a case under Title 11. See 28 U.S.C. § 1334(b) (providing that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"). The Court is persuaded that, at a minimum, this case is "related to" a case under Title 11. See id.; see also id. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). On this basis, this Court finds that it has subject-matter jurisdiction over this case.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This Court finds that complete diversity of citizenship does not exist in this case. However, this Court concludes that it nevertheless has subject-matter jurisdiction over this case because it is "related to" a case under Title 11 as argued in the show cause responses of the responding Defendants.

2. The Clerk is directed to provide a copy of this Order to the Eleventh Circuit and to return the record, as supplemented since the entry of the Limited Remand Order (Doc. 293), to the Eleventh Circuit for further proceedings.

**DONE** and **ORDERED** in Orlando, Florida, on November 18, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Eleventh Circuit Court of Appeals

---

[1] Barton v. Barbour, 104 U.S. 126 (1881).

3