IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 14-14745-C

PALAXAR GROUP, LLC, *et al.*,

        Plaintiffs-Appellees,

v.

FRANK L. AMODEO (Federal Prisoner: 48883-019),

        Interested Party-Appellant

ROY KOBERT, *et al.*,

        Defendants-Appellees

- - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES T. RAHN,

        Interested Party.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
Case No. 6:14-cv-758-JA-GJK

———————————————

**DEFENDANTS-APPELLEES' JOINT MEMORANDUM IN
RESPONSE TO APPELLANT'S ARGUMENTS CONCERNING
<u>SUBJECT MATTER JURISDICTION</u>**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In compliance with Eleventh Circuit Rule 26.1-2(c), the undersigned hereby certifies that the persons and entities listed below have an interest in the outcome of this case. Other than Chubb, none of the entities listed below is publicly traded. Chubb Limited is a publicly traded company and its stock ticker is CB. There is no parent corporation or publicly held corporation that owns 10% or more of its stock.

1.    Amodeo, Frank L. - Appellant

2.    Hon. Antoon, John, II - U.S. District Court Judge (Trial Judge)

3.    AQMI Strategy Corporation - Defendant/Counter-Claimant below

4.    Balch & Bingham, LLP - Defendant/Appellee and counsel for Allen McLean Estes, John Russel Campbell, Eric Langley, Lindsay Reese and Balch & Bingham, LLP

5.    Bates, Aaron Carter - Defendant

6.    Bredhal, Christina L. - Counsel for Robert O'Malley

7.    Broad and Cassel, P.A. - Defendant/Appellee

8.    Campbell, John Russell - Defendant/Appellee

9.    Charpentier Law Firm, P.A.- Counsel for Michael C. Maher, Matthew Scott

Mokwa, Aaron Carter Bates, and The Maher Law Firm, P.A.

10. Charpentier, Stephen G. - Counsel for Michael C. Maher, Matthew Scott

Mokwa, Aaron Carter Bates, and The Maher Law Firm, P.A.

11. Cho, Min K. - Counsel for Robert W. Cuthill, Jr.

12. Christian Barton, LLP - Counsel for Allen McLean Estes, John Russell

Campbell, Eric Langley, Lindsay Reese, and Balch & Bingham, LLP

13. Chubb Limited (NYSE: "CB"), Chubb Group of Insurance Companies, Ace

Limited - Insurer for Scott Shuker, Elizabeth Green, and Latham, Shuker,

Eden & Beaudine, LLP

14. Cohen, Loren H. - Counsel for Roy Kobert, Todd Norman, Nicolette

Vilmos, and Broad and Cassel, P.A.

15. Cole, Scott & Kissane, P.A. - Counsel for Robert O'Malley

16. Cole, Scott A. - Counsel for Robert O'Malley

17. Cooper, Massie Payne - Former counsel for Scott Shuker, Elizabeth Green,

and Latham, Shuker, Eden & Beaudine, LLP

18. Criser, Mark J. - Counsel for Scott Shuker, Elizabeth Green, and Latham,

Shuker, Eden & Beaudine, LLP

19. Curry III, Landis V. - Counsel for Scott Shuker, Elizabeth Green, and

Latham, Shuker, Eden & Beaudine, LLP

20. Cuthill Jr., Robert W. - Defendant/Appellee

21. Darren Marshall Hart - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

22. Dennis J. Whelan, PC - Counsel for Harrison T. Slaughter, Jr., Michael C. Maher, Matthew Scott Mokwa, and Aaron Carter Bates

23. Estes, Allen McLean - Defendant/Appellee

24. Goldberg, Scott M. - Defendant

25. Green, Elizabeth - Defendant/Appellee

26. Gregory, Geremy W. - Counsel for Allen McLean Estes, John Russell Campbell, Eric Langley, Lindsay Reese, and Balch & Bingham, LLP

27. Hall, Matthew F. - Counsel for Scott Shuker, Elizabeth Green, and Latham, Shuker, Eden & Beaudine, LLP

28. Harman Claytor Corrigan & Wellman - Former Counsel for Roy Kobert

29. Hart & Associates, P.C. - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

30. Hetz, Jones & Goldberg, LLC - Counsel for Scott Marshall Goldbert

31. Hicks, Robert T. - Former counsel for Robert W. Cuthill, Jr.

32. Hill Ward & Henderson, P.A. - Counsel for Scott Shuker, Elizabeth Green, and Latham, Shuker, Eden & Beaudine, LLP

33. Holland & Knight, LLP - Counsel for Robert W. Cuthill, Jr.

34. Jaiman, Jodi Donaldson - Defendant

35. Kaney & Olivari - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

36. Kaney III, Jonathan D. - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

37. Hon. Kelly, Gregory J. - U.S. District Court Magistrate Judge (Trial Judge)

38. Knapp, Richard John - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

39. Kobert, Roy - Defendant/Appellee

40. Kravit Law, P.A. - Former counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited

Liability Company,

41.    Kravit, Cory Brian - Former counsel for Palaxar Group, LLC, a Virginia
       Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited
       Liability Company,

42.    Lacy, David B. - Counsel for Allen McLean Estes, John Russell Campbell,
       Eric Langley, Lindsay Reese, and Balch & Bingham, LLP

43.    Lacy, Michael Edward - Former counsel for Scott Shuker, Elizabeth Green,
       and Latham, Shuker, Eden & Beaudine, LLP

44.    Langley, Eric - Defendant/Appellee

45.    Latham, Shuker, Eden & Beaudine, LLP - Defendant/Appellee

46.    Ligon Law Group, LLC - Counsel for Shane Williams and Jodi Donaldson
       Jaiman

47.    Ligon, Shannon Alexis - Counsel for Shane Williams and Jodi Donaldson
       Jaiman

48.    Maher, Michael C. - Defendant

49.    Mitrani, Issac Jaime - Counsel for Roy Kobert, Todd Norman, Nicolette
       Vilmos, and Broad and Cassel, P.A.

50.    Mokwa, Matthew Scott - Defendant

51. Nexia Strategy Corporation - Defendant

52. Norman, Todd - Defendant/Appellee

53. O'Malley, Robert - Defendant

54. Owen, John Ryan - former counsel for Roy Kobert, Todd Norman, Nicolette Vilmos, and Broad and Cassel, P.A.

55. Palaxar Group LLC, a Virginia Limited Liability Company - Plaintiff/Appellee

56. Palaxar Holdings, LLC, a Virginia Limited Liability Company- Plaintiff/Appellee

57. Palmer, Julie Smith - Former counsel for Roy Kobert, Todd Norman, Nicolette Vilmos, and Broad and Cassel, P.A.

58. Reese, Lindsay - Defendant/Appellee

59. Richard J. Knapp PC - Counsel for Palaxar Group, LLC, a Virginia Limited Liability Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company

60. Ruttinger, Patrick Ryan - Counsel for Robert O'Malley

61. Sands, Kenton V. - Counsel for Harrison T. Slaughter, Jr.

62. Sands, White & Sands, P.A. - Counsel for Harrison T. Slaughter, Jr.

63. Shuker, Scott - Defendant/Appellee

64.     Slaughter Jr., Harrison T. - Defendant

65.     Smith, Michael W. - Counsel for Allen McLean Estes, John Russell Campbell, Eric Langley, Lindsay Reese, and Balch & Bingham, LLP

66.     Spotts Fain, PC - Former counsel for Robert O'Malley

67.     Stollenwerk, Jay - Defendant

68.     The Maher Law Firm, P.A. - Defendant

69.     Troutman Sanders LLP - Former counsel for Scott Shuker, Elizabeth Green, and Latham, Shuker, Eden & Beaudine, LLP

70.     Turner, Patricia Bugg - Former counsel for Robert O'Malley

71.     Tyler, Robert M. - Former counsel for Robert O'Malley

72.     United States of America, U.S. Attorney's Office - Interested Party below

73.     Vilmos, Nicolette - Defendant/Appellee

74.     Waggoner, Dennis P. - Counsel for Scott Shuker, Elizabeth Green, and Latham, Shuker, Eden & Beaudine, LLP

75.     Whelan, Dennis J., III - Counsel for Harrison T. Slaughter, Jr., Michael C. Maher, Matthew Scott Mokwa, and Aaron Carter Bates

76.     Williams, Shane - Defendant

77.     Wilson, William B. - Counsel for Robert W. Cuthill, Jr.

## STATEMENT REGARDING ORAL ARGUMENT

The Defendants-Appellees submitting this memorandum include:

(1) Balch & Bingham, LLP, Allen McClean Estes, John Russell Campbell, Eric Langley and Lindsay Reese (the "Balch Defendants"); (2) Latham, Shuker, Eden & Beaudine, LLP, Scott Shuker and Elizabeth Green (the "Latham Defendants"); and (3) Robert W. Cuthill, Jr. ("Cuthill"). The Defendants-Appellees do not believe that oral argument is necessary and do not request it.

## <u>TABLE OF CONTENTS</u>

APPELLEE'S CERTIFICATE OF INTERESTED PERSONS ………….2-8

STATEMENT REGARDING ORAL ARGUMENT ………………….......9

TABLE OF CONTENTS ……………………………………………....10-11

TABLE OF CITATIONS …………………………...…………………12-14

STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES ……………………………………………………..…15

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ……………………………………………………..…16

STATEMENT OF ISSUES …………………………………………..........17

STATEMENT OF THE CASE ………………….....…………………18-22

I.     SUBJECT MATTER JURISDICTION WAS RAISED BUT NOT RULED ON IN A PRIOR APPEAL INITIATED BY PLAINTIFFS ……………………...18-19

II.    SUBJECT MATTER JURISDICTION WAS RAISED AGAIN IN THIS APPEAL ……………………………………………………….19-20

III.   ON REMAND, DISTRICT COURT FOUND THAT SUBJECT MATTER JURISDICTION EXISTS ……………………………………………..20

IV.    THIS COURT ACKNOWLEDGED THE DISTRICT COURT'S ORDER FINDING JURISDICTION BEFORE DISMISSING THIS APPEAL ………………...21-22

SUMMARY OF THE ARGUMENT …………………………………….23-24

ARGUMENT ………………...……………………………………………25-39

I.    SUBJECT MATTER JURISDICTION EXISTS UNDER 28 U.S.C. §

      1334(B) …………………………………………………….......25-34

II.   There Is No Error In the District Court's Order Finding Subject

      Matter Jurisdiction ……………………………………….....…34-39

CONCLUSION ..………………………………………………….....…..39-40

CERTIFICATE OF SERVICE …………………………………………….41

## <u>TABLE OF CITATIONS</u>

*Allard v. Weitzman (In re DeLorean Motor Co.),*

991 F.2d 1236 (6th Cir. 1993) …………………………………....27

*Honigman, Miller, Schwartz & Cohn v. Weitzman*,

155 B.R. 521 (B.A.P. 9th Cir. 1993) ………………………………..28

*In re Hudson Oil Co.*,

68 B.R. 735 (D. Kan. 1986) …………………………………….25, 26

*In re Lemco Gypsum, Inc.,*

910 F.2d 784, 788 (11th Cir. 1990) ……………..…………..31, 32, 33

*In re Lowenbraun,*

453 F.3d 314 (6th Cir. 2006) ………………………………………..27

*In re Repository Techs., Inc.,*

601 F.3d 710 (7th Cir. 2010) ………………………………………..27

*In re Toledo*,

170 F.3d 1340 (11th Cir. 1999) …………………..…25, 26, 30, 31, 33

*In re VistaCare Group, LLC,*

678 F.3d 218 (3d Cir. 2012) …………………………………..…33

*In re W.B. Care Ctr., LLC,*

*497 B.R.* 604 (Bankr. S.D. Fla. 2013) ………………………………32

*In re Wood,*

    825 F.2d 90 (5th Cir.1987) …………………………………………….30

*Lawrence v. Goldberg,*

    573 F.3d 1265 (11th Cir. 2009) …………………………..…30, 31, 32

*Lesser v. A-Z Assocs. (In re Lion Capital Group),*

    46 B.R. 850 (Bankr. S.D.N.Y. 1985) ………………………….....25

*Little v. T-Mobile USA, Inc.,*

    691 F.3d 1302 (11th Cir. 2012) ……………………………..…35

*Pacor, Inc. v. Higgins,*

    743 F.2d 984, 994 (3rd Cir. 1984) ……………………………...31, 32

*Qwest Corp. v. FCC,*

    258 F.3d 1191 (10th Cir. 2001) ……………………..……………37

*Rachel v. City of Mobile,*

    2015 U.S. Dist. LEXIS 72941 (S.D. Ala. June 5, 2015) ……………37

*United States v. Davis,*

    329 F.3d 1250 (11th Cir. 2003) ……………………………………..36

*United States v. Maria,*

    186 F.3d 65 (2d Cir. 1999) …………………………………………….37

## <u>AUTHORITIES</u>

1 Collier on Bankruptcy para. 3.01 (15th ed. 1986) ………………..25, 28, 30

28 U.S.C. § 157 ..…………………………………..………………..26, 32

28 U.S.C. § 1292 …………………………………………………………..16

28 U.S.C. § 1332…………………………………….....……………..……18

28 U.S.C. § 133……………………16, 17, 19, 20, 23, 25, 26, 27, 28, 29, 30,

31, 32, 33, 34, 35, 40

Black's Law Dictionary 1375 (6th ed. 1990) ……………..……………..37

Federal Rule of Appellate Procedure 41 ………………....……………..…..35

Rules of Bankruptcy Procedure, Part VII …………………………………25

Federal Rule of Civil Procedure 12 …………………….....………………...29

Webster's Third New International Dictionary 2085 (1st ed. 1993) ……....37

## STATEMENT REGARDING ADOPTION
## OF BRIEFS OF OTHER PARTIES

The Defendant-Appellees adopt the arguments set forth in the memorandum submitted by Broad and Cassel, Roy Kobert, Todd Norman, and Nicolette Vilmos (the "Broad Defendants") in response to Amodeo's Initial Brief.

## STATEMENT OF SUBJECT MATTER AND
## <u>APPELLATE JURISDICTION</u>

On September 18, 2014, the district court entered an order denying motions by Appellant Frank L. Amodeo ("Amodeo") to intervene and for appointment of a guardian *ad litem*. On October 17, 2014, Amodeo noticed this appeal.

It is not clear whether the district court's order constitutes an interlocutory order over which this Court has appellate jurisdiction under 28 U.S.C. 1292. In an abundance of caution, the Defendants-Appellees submit this memorandum to address the issue of subject matter jurisdiction, which Amodeo disputes as part of his appeal. For the reasons stated below, subject matter jurisdiction exists under 28 U.S.C. § 1334(b).

## STATEMENT OF THE ISSUES

1.      Did the district court err in finding that subject matter jurisdiction exists under 28 U.S.C. § 1334(b)?

2.      Did the district court err in failing to dismiss the case after determining that diversity jurisdiction does not exist?

3.      Did the district court err in considering the defendants-appellees' arguments on remand concerning subject matter jurisdiction?

## STATEMENT OF THE CASE

**I.      Subject Matter Jurisdiction Was Raised But Not Ruled On In A Prior Appeal Initiated By Plaintiffs.**

On October 2, 2014, the district court entered an order dismissing Plaintiffs' Complaint as to all but two defendants, AQMI and Nexia.   On October 30, 2014, Plaintiffs appealed the dismissal order.   The Clerk of the Court docketed Plaintiffs' appeal as Case No. 14-14969-C ("Plaintiffs' Appeal").   On February 2, 2015, this Court dismissed the appeal, holding that the district court's dismissal order was neither a final order nor a properly certified interlocutory appeal, and that as a result, the Court lacked subject matter jurisdiction to decide Plaintiffs' Appeal. (*See* Order of Dismissal, entered 02/02/2015, Case No. 14-14969-C.)

Prior to dismissal,  the Court issued a "Jurisdictional Question."   The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332.   In the Jurisdictional Question, the Clerk stated that allegations concerning diversity jurisdiction were insufficient and sought comment from the parties on how best to resolve the issue. (*See* Jurisdictional Question, entered 11/25/2014, Case No. 14-14969-C.)   Several defendants, including the undersigned parties, responded by observing that even if diversity is lacking, there still existed "arising under" and "relating to" subject matter jurisdiction under 28

U.S.C. § 1334(b).  Some defendants also asserted that the *Barton* Doctrine

provides an independent source of subject matter jurisdiction. (*See, e.g.,*

*Balch Appellees' Supplemental Response To Clerk's Order On*

*Jurisdictional Question*, filed 12/29/2014; *see also Appellee Broad*

*Defendants' Supplemental Response To the Clerk's Order On Jurisdiction*,

filed 12/17/2014, Case No. 14-14969-C).   Ultimately, because Plaintiffs'

Appeal was an improper interlocutory appeal, the Court's order dismissing

Plaintiffs' Appeal makes no reference to the Clerk's Jurisdictional Question,

the defendants' responses, § 1334(b) or the *Barton* Doctrine. (*See* Order of

Dismissal, entered 02/02/2015, Case No. 14-14969-C.)

## II.     Subject Matter Jurisdiction Was Raised Again In This Appeal.

The appeal *sub judice* was commenced by non-party Frank Amodeo

("Amodeo's Appeal"), but was not docketed until October 17, 2014—two

weeks after the district court granted the motions to dismiss all of the

defendants except AQMI and Nexia.  Consequently, none of the dismissed

defendants was made a party to this appeal.

Amodeo's Appeal initially was limited to the district court's order

denying Amodeo's request to intervene in the underlying lawsuit.   On

February 3, 2015 (the day after this Court dismissed Plaintiffs' Appeal), the

Clerk issued a similar "Jurisdictional Question" that was issued in Plaintiffs' Appeal. The Jurisdictional Question issued in Amodeo's Appeal does not reference or mention the arguments concerning § 1334(b) or the *Barton* Doctrine that defendants previously asserted in response to the Jurisdictional Question issued in Plaintiffs' Appeal. Furthermore, in responding to the Jurisdictional Question issued in Amodeo's Appeal, neither Plaintiffs nor Amodeo addressed or otherwise referred to the defendants' arguments concerning § 1334(b) or the *Barton* Doctrine.

## III. On Remand, District Court Found That Subject Matter Jurisdiction Exists.

This Court did not decide the jurisdiction issue based on the responses to the Jurisdictional Question in Amodeo's Appeal. Instead, on September 2, 2015, the Court remanded Amodeo's Appeal to the district court to resolve the issue. (*See* Limited Remand, entered 09/02/2015.) On September 4, 2015, the district court entered an order requiring Plaintiffs to show cause why the action should not be dismissed for lack of subject matter jurisdiction. On September 10, 2015, the district court entered an order granting leave to all the defendants to respond to the show cause order. On November 18, 2015, the district court entered an order finding that it had "relating to" jurisdiction under § 1334(b).

**IV.    This Court Acknowledged the District Court's Order Finding Jurisdiction Before Dismissing This Appeal.**

On November 23, 2015, the district court's order finding subject matter jurisdiction was docketed in Amodeo's Appeal.    Thereafter, on January 25, 2016, this Court entered an order denying Amodeo's request to proceed *in forma pauperis*.    The Court's order acknowledged in a footnote that it had previously remanded the matter to the district court "to determine if it had jurisdiction to consider the case."    The Court further observed that "the district court determined that it had subject matter jurisdiction over the case."    The Court did not address the merits of the district court's finding. (*See* Order, entered 01/25/2016, at n. 1.)

On February 17, 2016, after Amodeo failed to pay the requisite fees, the Clerk, at the Court's direction, entered an order dismissing Amodeo's Appeal for want of prosecution.    On May 20, 2016, the Court entered an order reinstating Amodeo's Appeal.[1]    On May 23, 2016, the Clerk issued a

---

[1]    Amodeo moved the Court to reconsider its ruling on his motion to proceed *in forma pauperis*.    While Amodeo's motion to reconsider was pending, the magistrate judge entered an order granting a separate motion by Amodeo to proceed *in forma pauperis*. (*See* Order, docketed 04/28/2016.) The magistrate judge acknowledged that this Court had dismissed Amodeo's Appeal but granted the motion anyway "in an abundance of caution." (*See id.*)    Upon receipt of the magistrate judge's order, on May 20, 2016, this

memorandum requiring Amodeo to file his opening brief on or before July 5, 2016.  On July 8, 2016, Amodeo filed his opening brief.  In it, Amodeo contends, *inter alia*, that the district court erred in deciding that it had subject matter jurisdiction over Plaintiffs' Complaint.

---

Court reinstated this appeal and denied Amodeo's motion for reconsideration as unnecessary. (*See* Order, entered 05/20/2016.)

## SUMMARY OF THE ARGUMENT

Amodeo contends that the district court erred in concluding that subject matter jurisdiction exists under the *Barton* Doctrine. Yet, the district court based its decision on "relating to" jurisdiction under § 1334(b); it expressly declined to reach the other arguments advanced by the defendants, including "arising under" jurisdiction or the *Barton* Doctrine. Amodeo's first argument fails on its face.

Amodeo also contends that the district court violated the mandate rule by considering grounds for subject matter jurisdiction other than diversity. This Court did not issue a mandate, however, and thus the mandate rule is inapplicable. Furthermore, the Court's remand order did not confine the district court's inquiry to diversity, as Amodeo suggests. Indeed, in the order denying Amodeo's motion to proceed *in forma pauperis*, the Court noted that it had remanded the case to the district court "to determine if it had jurisdiction to consider the case," again making no mention of diversity.

Lastly, Amodeo contends that on remand, the district court was barred from considering the defendants arguments concerning subject matter jurisdiction. Amodeo's theory is that the defendants waived their right to address the jurisdictional issue by not responding to the Jurisdictional

Question that preceded the Court's remand order. Yet, none of the cases cited by Amodeo actually supports his position. Moreover, the defendants were not parties to the appeal at the time the Jurisdiction Question issued, and thus were not asked to respond to it. Notably, though, the defendants did respond to the same Jurisdictional Question issued in Plaintiffs' Appeal, to which the defendants were parties.

# ARGUMENT

## I.  Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1334(b).

Section 1334(b) of Title 28 of the United States Code provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[2]  This Court has explained that § 1334(b) creates jurisdiction in three categories of adversarial proceedings: (1) those that "arise under title 11"; (2) those that "arise in cases under title 11"; and (3) those "related to cases under title 11." *In re Toledo*, 170 F.3d 1340, 1344-1345 (11th Cir. 1999).

The first two categories—proceedings arising "under" title 11 and proceedings arising "in" title 11—fall under a single umbrella category

---

[2]  Section 1334 distinguishes between "cases" arising under title 11 and "proceedings" arising under title 11. *See* 28 U.S.C. § 1334(a)-(b).  "A 'case under title 11' is the case begun by the filing of the bankruptcy and 'the case upon which all of the proceedings which follow the filing of a petition are predicated.'" *In re Hudson Oil Co.*, 68 B.R. 735, 737 (D. Kan. 1986) (quoting 1 Collier on Bankruptcy para. 3.01, at 3-20 (15th ed. 1986)). *See also Lesser v. A-Z Assocs. (In re Lion Capital Group)*, 46 B.R. 850, 855 (Bankr. S.D.N.Y. 1985) ("[T]he [Bankruptcy] Code distinguishes a bankruptcy case, within which such hearings are held, from a proceeding which is employed to denote adversary proceedings commenced pursuant to Part VII of the Rules of Bankruptcy Procedure and other contested matters.").

labeled "core proceedings." *In re Hudson Oil Co.*, 68 B.R. 735, 737 (D. Kan. 1986) (citing 28 U.S.C. § 157(b)(1)); *see also In re Toledo*, 170 F.3d at 1345 n.6 ("Core proceedings are defined in 28 U.S.C. § 157(b)(1) as 'proceedings arising under title 11, or arising in a case under title 11,' which is a subset of the cases over which jurisdiction is granted in § 1334(b)."). Thus, subject matter jurisdiction exists under § 1334(b) "if plaintiff's claim is either a core proceeding or a 'related' proceeding." *In re Hudson Oil Co.*, 68 B.R. at 737.

This action is both a core proceeding and a related proceeding. Accordingly, this Court and the district court have subject matter jurisdiction over Plaintiffs' Complaint.

### A. <u>Plaintiffs' Complaint Is A Core Proceeding.</u>

The Complaint alleges that the twenty-five defendants conspired to injure Plaintiffs' business. Plaintiffs' claims are based in large part on the Chapter 11 bankruptcy of Mirabilis Ventures, Inc. ("MVI"), which Plaintiffs contend was filed and administered in bad faith. Other circuit courts have held that state law claims based on the alleged bad faith filing and administration of a bankruptcy action are core proceedings "arising in" title 11 and thus confer jurisdiction to federal district courts under § 1334(b).

In *In re Lowenbraun*, 453 F.3d 314 (6th Cir. 2006), the plaintiff sued counsel for the bankruptcy trustee based on a contempt proceeding that counsel brought against the plaintiff in the bankruptcy action. The plaintiff asserted claims for libel, slander, abuse of process, wrongful use of civil proceedings and the tort of outrage. The Sixth Circuit held that the lawsuit was a core proceeding within the "arising in" category of § 1334(b):

> Canary's status as counsel to the trustee, rather than as a trustee himself, does not alter our analysis. This court held in *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993), that so long as "they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets," counsel and other court-appointed officers who represent the estate "are the functional equivalent of [the] trustee." Because Ethel's claims would not exist but for the bankruptcy proceeding, and because Canary filed the Contempt Motion to assist in the administration of the estate, Ethel's state-law action was a core proceeding . . . .

*See id.* at 321.

The Seventh Circuit reached the same conclusion in *In re Repository Techs., Inc.*, 601 F.3d 710 (7th Cir. 2010). The plaintiff in *In re Repository Techs* filed a lawsuit against lawyers representing the debtor in its bankruptcy. As in the present matter, the plaintiff (Nelson) asserted claims for conspiracy and tortious interference based on allegations that the lawyers had abused the bankruptcy process, including knowingly filing the

bankruptcy for improper purposes. *See id.* at 719-720. The Seventh Circuit

concluded that the lawsuit was a core proceeding because the claims fell

within the "arising in" category of § 1334(b) jurisdiction:

> These allegations make clear that Nelson's claims arise out of
> the defendants' conduct in RTI's bankruptcy case. Because such
> claims could not "have been the subject of a lawsuit absent the
> filing of a bankruptcy case," 1 Collier P 3.01[4][c][iv] at 3-27,
> the district court correctly recognized its "arising in"
> jurisdiction . . . .
>
> * * * *
>
> And as our review of Nelson's complaint makes clear, the
> defendants' pre-petition conduct is "inextricably bound to the
> bankruptcy proceeding" and Nelson's claim of abuse of the
> bankruptcy process. Because Nelson's lawsuit is based on the
> defendants' role as bankruptcy counsel, recognizing these
> lawyers' right to remove the case to federal court is consistent
> with Congress's broad grant of federal jurisdiction over
> bankruptcy matters.

*See id.* at 720-721 (citations omitted). *See also Honigman, Miller, Schwartz*

*& Cohn v. Weitzman*, 155 B.R. 521, 525 (B.A.P. 9th Cir. 1993) (holding that

claim for malicious prosecution was a core proceeding because it concerned

the efforts of officers of the estate to administer the estate and collect its

assets).

Like the cases discussed above, Plaintiffs allege that MVI's

bankruptcy was filed and administered in bad faith, and that it was used to

facilitate a separate, allegedly frivolous lawsuit by MVI against Plaintiffs, referred to in the Complaint as the "Nexia Litigation." (*See* Complaint [D.E. 1] at ¶¶ 83, 86, 88, 97, 138, 156, 170 and 193.) Among other defendants, Plaintiffs have sued Robert Cuthill, who was appointed by the bankruptcy court to serve as MVI's President and Estate representative; Cuthill's retained counsel, the Latham Defendants; and the law firms that continued prosecuting MVI's lawsuit against Plaintiffs (the Nexia Litigation) after MVI filed for bankruptcy, including the Balch Defendants and the Broad Defendants. Moreover, Plaintiffs contend that the allegedly improper acts concerning MVI's bankruptcy were actually part of a larger conspiracy involving <u>all</u> of the defendants, thereby making it impossible to separate the bankruptcy-related elements of Plaintiffs' claims from the non-bankruptcy-related elements.[3]

Research failed to locate a case in which this Court considered § 1334(b) jurisdiction in the context of claims based on the allegedly improper

---

[3] As the district court observed in its order dismissing Plaintiffs' Complaint, in response to the various motions to dismiss under Fed. R. Civ. P. 12(b)(6), even Plaintiffs were unable to identify which claims do and do not relate to MVI's bankruptcy. (*See* Amended Order [D.E. 259], entered 10/02/2014, at 9 n.11.)

filing and administration of a bankruptcy action.[4]  In *In re Toledo*, however, this Court adopted a test for the "arising in" category consistent with the one used by the Ninth Circuit, the Seventh Circuit and the Sixth Circuit:

> The "arising in a case under" category is generally thought to involve administrative-type matters, 1 Collier on Bankruptcy P 3.01[4][c][iv], or as the *Wood* court put it, "matters that could arise only in bankruptcy."

*In re Toledo*, 170 F.3d at 1345 (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)).  Consistent with this Court's law on the "arising in" category, and with this Court's sister circuits' holdings, Plaintiffs' claims constitute a core proceeding "arising in" title 11.  Therefore, this Court and the district court have subject matter jurisdiction over Plaintiffs' Complaint.

## B. Plaintiffs' Complaint "Relates To" MVI's Bankruptcy.

Plaintiffs' Complaint also falls within § 1334(b)'s non-core, "related to" category.  This Court has adopted the Third Circuit's "conceivable

---

[4]      In *Lawrence v. Goldberg*, 573 F.3d 1265 (11th Cir. 2009), discussed *infra*, the plaintiff asserted various state and federal claims, including conspiracy and RICO claims, against a bankruptcy trustee, his counsel and some of the creditors.  Although the *Lawrence* Court determined that the claims "related to" the bankruptcy, referring § 1334(b), *see id.* at 1241, jurisdiction was not in dispute.  Accordingly, *Lawrence* did not decide whether a claim against a trustee (or the functional equivalent) constitutes a core proceeding.

effect" test for determining whether "related to" jurisdiction under § 1334(b)

exists:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).  This test is

intended to be "liberal," and the term "conceivable" makes the jurisdictional

grant "extremely broad." *In re Toledo*, 170 F.3d at 1345 (citation omitted).

   The district court has already determined that Plaintiffs' Complaint

"relates to" MVI's bankruptcy by finding that the *Barton* doctrine applies to

Cuthill and the Broad defendants. (*See* Amended Order [D.E. 259], entered

10/02/2014, at 6-11.)   In *Lawrence*, this Court observed that when the

*Barton* doctrine applies, the lawsuit necessarily falls within the "related to"

category of § 1334(b) jurisdiction:

> Lawrence next contends that the Barton doctrine does not apply because his civil suit is unrelated to his bankruptcy proceeding. We disagree. Bankruptcy courts have jurisdiction to hear "any

or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," upon referral by a district court. 28 U.S.C. § 157(a) (2006) . . . .

\* \* \* \*

Although Lawrence raises claims under a variety of state and federal laws, the essence of Lawrence's complaint is that the Trustee and the other defendants colluded to enforce the Turn Over Order, an order of the bankruptcy court, and otherwise unlawfully attempted to bring assets into the bankruptcy estate. The outcome of Lawrence's civil suit clearly could have an effect on the handling and administration of his bankruptcy estate. <u>All of Lawrence's civil claims fall within the scope of the *Barton* doctrine because they are "related to" his bankruptcy proceeding.</u>

573 F.3d at 1270-1271 (emphasis added).[5] The district court held that the

*Barton* doctrine applied to Cuthill and the Broad defendants. Thus, by

finding that the *Barton* doctrine applies to some of the defendants, under

---

[5] There is a natural connection between § 1334(b) and the *Barton* doctrine. In enacting § 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts to allow for efficient disposition of all matters connected with the debtor's estate." *Lemco Gypsum,*, 910 F.2d at 786 (discussing § 1334(b)'s predecessor) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). The *Barton* doctrine furthers this objective by ensuring that "all legal proceedings that affect the administration of the bankruptcy estate be either brought in the bankruptcy court or with the permission of the bankruptcy court." *In re W.B. Care Ctr., LLC*, 497 B.R. 604, 610 (Bankr. S.D. Fla. 2013) (quoting *In re VistaCare Group, LLC*, 678 F.3d 218, 228 (3d Cir. 2012)).

*Lawrence*, the district court implicitly determined that Plantiffs' Complaint falls within the "related to" category of § 1334(b) jurisdiction.

Plaintiffs' claims also fall within the "related to" category because they could conceivably have an effect on the amount of money in MVI's bankruptcy estate.[6] MVI's estate has been paying $2,874.84 per month to store documents that Plaintiffs contend relate to their claims and must be preserved. (*See* Cuthill's Supplemental Response To the Clerk's Order On Jurisdiction Dated November 25, 2014, filed 12/19/2014, at 9-10, Case No. 14-14969.) Plaintiffs' Complaint has thereby reduced the amount in the estate available for distribution to MVI's remaining creditors. Accordingly, Plaintiffs' Complaint "relates to" the MVI bankruptcy. *See In re Ryan*, 276 Fed. Appx. 963, 966 (11th Cir. 2008) (holding that "relating to" jurisdiction existed because "The dispute . . . could conceivably affect the bankruptcy estate because the resolution of the dispute could impact the amount of money in the estate.").

---

[6]     Jurisdiction under § 1334(b) must be determined "based on the state of affairs existing at the time the adversary complaint was filed." *In re Toledo*, 170 F.3d at 1346 n.8 (citing *Lemco Gypsum, Inc.*, 910 F.2d at 788 & n. 20 (11th Cir. 1990)). Plaintiffs filed their Complaint on September 18, 2013.

Furthermore, if Plaintiffs succeed in showing that MVI's bankruptcy was essentially a sham and/or that Cuthill and others made the numerous misrepresentations alleged in the Complaint, then the bankruptcy could be completely upended.

## II. There Is No Error In the District Court's Order Finding Subject Matter Jurisdiction.

### A. The District Court Did Not Rely On the *Barton* Doctrine.

After considering submissions by the various parties, the district court concluded that subject matter jurisdiction exists. (*See* Order on Remand, docketed 11/23/2015.) Notably, the district court acknowledged arguments concerning the *Barton* doctrine, and "arising in" and "arising under" jurisdiction under § 1334(b), but expressly limited its decision to "relating to" jurisdiction:

> [T]he Defendants who filed show cause responses argue that this Court nevertheless has federal question jurisdiction over this case on several bases, including the *Barton* doctrine; that this is a "core" proceeding that "arises under" Title 11 of the United States Code or "arises in" a case under Title 11; and that this case is "related to" a case under Title 11. The Court is persuaded that, at a minimum, this case is "related to" a case under Title 11. On this basis, this Court finds that it has subject-matter jurisdiction over this case.

(*See id.* at 3) (emphasis added and internal citations omitted).

Amodeo claims that the district court erroneously held that "it had subject matter jurisdiction because the *Barton* doctrine generated a non-diversity basis for federal jurisdiction[.]" (*See* Initial Brief at 5-6.) Yet, as the excerpt from the district court's order shows, "relating to" jurisdiction under § 1334(b) was the sole basis for the district court's decision. Hence, Amodeo's contention flows from a factually erroneous premise. Notably, Amodeo does not challenge the district court's actual finding with respect to "relating to" jurisdiction. (*See generally, id.*). Thus, Amodeo has abandoned this argument—which is dispositive. *See Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012).

## B.    The District Court Did Not Violate the Mandate Rule.

Amodeo also contends that by failing to dismiss the case upon determining that there was no diversity jurisdiction, the district court violated a mandate from this Court. (*See* Amodeo's Br. 7-8.) Amodeo's position is that "even if its federal-question-jurisdiction finding were correct . . . the district court exceeded its remand jurisdiction." (*See id.* at 8.) Accordingly, Amodeo contends, the Court should remand the case to the district court "with instructions to dismiss the action for lack of subject-matter jurisdiction." (*Id.*)

Once again, Amodeo's argument is premised on erroneous facts.  This Court did not issue a mandate.  A mandate consists of the Court's "judgment."  *See* Fed. R. App. P. 41(a).  The Court's remand order contains no judgment.  To the contrary, the Court retained jurisdiction over the appeal after issuing the remand order. (*See* Clerk's transmittal letter, docketed 09/02/2016) ("Enclosed is a copy of an order remanding the referenced appeal for further proceedings.  JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.").  Accordingly, the mandate rule is inapplicable.

Amodeo's reliance on *United States v. Davis*, 329 F.3d 1250 (11th Cir. 2003) is misplaced.  Amodeo cites the passage from *Davis* in which this Court stated, "[i]f the appellate court issues a limited mandate, however, the trial court is restricted in the range of issues it may consider on remand." *See id.* at 1252 (citation omitted).  Yet, as noted, no mandate has been issued.  Amodeo simply conflates two distinct concepts: limited mandate versus limited remand.

Furthermore, even if the remand order constitutes a mandate, the district court still did not exceed its authority.  The Court's manifest intent in the remand order was for the district court to evaluate whether subject matter

jurisdiction exists, not to put blinders on what the district court could consider as part of its evaluation. Indeed, in the Court's subsequent order denying Amodeo's motion to proceed *in forma pauperis*, the Court noted that it had remanded the matter to the district court "to determine if it had jurisdiction to consider the case." (*See* Order, entered 01/25/2016, at n. 1.) Notably, the Court spoke to "jurisdiction" generally, without reference to diversity.

Moreover, on its face, the Court's remand order did not require the district court to dismiss the Complaint for lack of diversity jurisdiction. The remand order states that if diversity is lacking, the district court "should" dismiss the case, not that it "shall" or "must." *See United States v. Maria*, 186 F.3d 65, 70 (2d Cir. 1999) ("[T]he common meaning of 'should' suggests or recommends a course of action, while the ordinary understanding of 'shall' describes a course of action that is mandatory.") (citing Webster's Third New International Dictionary 2085, 2104 (1st ed. 1993); Black's Law Dictionary 1375, 1379 (6th ed. 1990)); *accord Qwest Corp. v. FCC*, 258 F.3d 1191, 1200 (10th Cir. 2001); *Rachel v. City of Mobile*, 2015 U.S. Dist. LEXIS 72941, *n. 32 (S.D. Ala. June 5, 2015). Accordingly, although the remand order addresses diversity, the only basis

specifically identified by Plaintiffs in the Complaint, it did not preclude the district court from finding alternative grounds for subject matter jurisdiction.

### C. The Defendants Did Not Waive Their Right To Address Subject Matter Jurisdiction.

Amodeo contends that on remand, the defendants "had forfeited their right to raise their jurisdiction claims," and thus the district court erred in allowing them to do so. (*See* Amodeo's Br. 9.) Amodeo's position appears to be that the defendants waived their right to address subject matter jurisdiction on remand because they had not raised it with this Court in response to the Clerk's Jurisdictional Question. (*See id.* at 8-9.) Amodeo's argument fails for at least two reasons.

First, the defendants were not party to this appeal at the time the Jurisdictional Question was issued. It is axiomatic that the defendants cannot be deemed to have waived an argument on an issue that they were not asked to address and which arose in a proceeding in which they were not parties. Notably, the defendants were parties to Plaintiffs' Appeal and did respond to the Jurisdictional Question issued in that proceeding. (*See* Case No. 14-14969.)

Second, the Court's remand order obviated the need for any party to address jurisdiction before this Court at the time. The whole point of the

remand order was to shift the responsibility of deciding, at least initially, the issue of jurisdiction to the district court. The issue of jurisdiction was handed down to the district court on a clean slate, and all the parties were free to assert any argument relevant to the issue.

## <u>CONCLUSION</u>

This Court and the district court have subject matter jurisdiction over Plaintiffs' Complaint under 28 U.S.C. § 1334(b), and the district court did not err in so ruling.

Dated: August 8, 2016.  Respectfully submitted,

/s/ David B. Lacy
Michael W. Smith, *pro hac vice*
msmith@cblaw.com
David B. Lacy, *pro hac vice*
dlacy@cblaw.com
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.: (804) 697-4100
Fax: (804) 697-4112

*Counsel for Balch & Bingham, LLP, Allen McLean Estes, John Russell Campbell, Eric Langley and Lindsay Reese*

/s/ Min K. Cho

s/ Mark J. Criser
Mark J. Criser (FBN: 141496)
Landis V. Curry, III (FBN: 469246)
Matthew F. Hall (FBN: 92430)
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
Telephone No. (813) 221-3900
Facsimile No. (813) 221-2900

*Counsel for Appellees Scott Shuker, Elizabeth Green, and Latham, Shuker, Eden & Beaudine, LLP*

Min K. Cho (FBN: 754331)
min.cho@hklaw.com
Holland & Knight, LLP
200 S. Orange Avenue, Suite 2600
P.O. Box 1526
Orlando, FL 32801
P: 407-244-1150
Laurie W. Daniel (GBN: 204225)
laurie.daniel@hklaw.com
Grant E. Schnell (FBN: 108109)
grant.schnell@hklaw.com
1180 West Peachtree St. NE, Suite 1800
Atlanta, GA 30309
P: 404-817-8500

*Counsel for Appellee Robert W. Cuthill, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of August, 2016, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the Court's CM/ECF system, which will serve a copy on all counsel so listed on the attached Service List.

/s/ David B. Lacy
David B. Lacy, *pro hac vice*
dlacy@cblaw.com
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.:  (804) 697-4100
Fax:  (804) 697-4112

#1967033